IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHANDRA M. BELISO,

    Plaintiff,                                  No. CIV S-10-2131 JAM GGH PS

    vs.

WELLS FARGO BANK, N.A. dba as
AMERICA'S SERVICING COMPANY, et al.,

    Defendants.                              FINDINGS AND RECOMMENDATIONS

_____/

        Presently before the court is plaintiff's application for temporary restraining order. Defendants have filed responses. Also pending are defendant T.D. Service Company's motion to dismiss, and defendant Wells Fargo Bank's motion to dismiss, or for more definite statement.[1] For the reasons set forth herein, plaintiff's application should be denied, and defendants' motions should be granted.

BACKGROUND

        Plaintiff filed this action on August 10, 2010. Plaintiff alleges that she was misled into obtaining a fraudulent mortgage loan from defendant Wells Fargo Bank, N.A., dba

---

[1] Because oral argument is not of material assistance, these matters are submitted on the briefs. E.D. Cal. L.R. 230(g).

America's Servicing Company ("Wells Fargo") on or around September 29, 2004. (Compl. at ¶ 5.) Plaintiff claims that defendants noticed a trustee sale, and refused her offer to pay. The complaint also alleges that defendants "wrongfully proceed[ed] with foreclosure and Trustee's Sale of Plaintiff's property without production of either the original note or being the 'holder in due course' or giving proper notice of foreclosure." (Id. at 2.) According to defendants, plaintiff defaulted on the note in October, 2009, and notice of default was recorded by T.D. Service Company ("T.D. Service"), foreclosure trustee, on May 13, 2010. (Wells Fargo's Opp'n at 2.) Defendants proceeded with the trustee sale on September 8, 2010, and the property was sold on that date. (Id.)

The complaint contains claims for violation of the Truth in Lending Act, Fair Debt Collection Practices Act, and California's Rosenthal Act, and for fraud, breach of implied covenant of good faith and fair dealing, and "unlawful and wrongful foreclosure." Plaintiff seeks declaratory and injunctive relief, and compensatory and punitive damages.

DISCUSSION

I. Legal Standards

  A. Temporary Restraining Order / Preliminary Injunction

The standards governing the issuance of temporary restraining orders are "substantially identical" to those governing the issuance of preliminary injunctions. Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir.2001). Therefore, "[a] plaintiff seeking a [TRO] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.2009) (quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, ___, 129 S. Ct. 365, 374 (2008)). "A preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." Alliance for the Wild

Rockies v. Cottrell, 622 F.3d 1045, 1049-50 (9th Cir. 2010) (quoting Lands Council v. McNair, 537 F.3d 981, 97 (9th Cir. 2008) (en banc)).  A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  Winter, 129 S. Ct. at 376.

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984)).

B.  Motion to Dismiss

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the

3

motion and resolve all doubts in the pleader's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, <u>reh'g denied</u>, 396 U.S. 869, 90 S. Ct. 35 (1969).  The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" <u>National Organization for Women, Inc. v. Scheidler</u>, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts which may be judicially noticed, <u>Mullis v. United States Bankruptcy Ct.</u>, 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, <u>Mack v. South Bay Beer Distributors</u>, 798 F.2d 1279, 1282 (9th Cir. 1986).  The court need not accept legal conclusions "cast in the form of factual allegations." <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

II. <u>Motions to Dismiss</u>

Both Wells Fargo and T.D. Service bring their motions on various grounds.  Only those grounds commonly raised by both defendants which pertain to the federal claims will be addressed here.

    A.  <u>TILA</u>

        1.  <u>Rescission</u>

Rescission claims under TILA "shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first."  15 U.S.C. § 1635(f).

Further, equitable tolling does not apply to rescission under this provision of TILA.  If the borrower files his or her suit over three years from the date of a loan's consummation, a court is powerless to grant rescission.  <u>Miguel v. Country Funding Corp.</u>, 309

4

1  F.3d 1161, 1164 (9th Cir. 2002) ("[S]ection 1635(f) represents an 'absolute limitation on
2  rescission actions' which bars any claims filed more than three years after the consummation of
3  the transaction." (quoting King v. California, 784 F.2d 910, 913 (9th Cir. 1986)); accord Beach v.
4  Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) ("[Section] 1635(f) completely extinguishes the
5  right of rescission at the end of the 3-year period.").  If a borrower exercises her right to rescind
6  within the three-year limitation period, such action only entitles the borrower to damages, not
7  rescission.  Cazares v. Household Fin. Corp., No. CV 04-6887 DSF, 2005 WL 6418178, *8
8  (C.D. Cal. 2005).
9           In this case, plaintiff alleges she consummated the Subject Loan on or about
10 September 29, 2004.  (Compl. ¶ 5.)  Plaintiff did not bring the instant action until August 10,
11 2010; accordingly, more than five years have passed since the alleged TILA violations.  15
12 U.S.C. (Id. at ) 1640(e).  As such, defendants' motion to dismiss plaintiff's rescission claim
13 under TILA should be granted without leave to amend.
14           2.  Damages
15           TILA provides that a plaintiff can bring an action to recover damages "within one
16 year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  As stated above,
17 plaintiff brings this action more than five years after consummation of the loan; accordingly, her
18 TILA claim is time-barred.  Plaintiff does not argue that equitable tolling should apply.
19 Therefore, defendants' motion to dismiss this damages claim should be granted without leave to
20 amend.
21      B.  FDCPA
22           The complaint also alleges a violation of the Fair Debt Collection Practices Act
23 ("FDCPA").  (Compl. ¶ 17.)  Both Wells Fargo and T.D. Service argue, *inter alia*, that
24 foreclosures are not covered by this act.  "[F]oreclosing on [a] property pursuant to a deed of
25 trust is not the collection of a debt within the meaning of the FDCPA."  Izenberg v. ETS
26 Services, LLC, 589 F. Supp.2d 1193, 1199 (C.D. Cal. 2008) (quoting Ines v. Countrywide Home

1  Loans, 2008 WL 4791863, at *2 (S.D. Cal. Nov. 3, 2008)).  This claim should be dismissed
2  without leave to amend.
3       C.  State Law Claims
4          As there are no federal claims remaining, this court declines to exercise
5  supplemental jurisdiction over plaintiff's possible state law claims.  See 28 U.S.C. § 1367(c)(3)
6  (The district courts may decline to exercise supplemental jurisdiction over a claim ...if – the
7  district court has dismissed all claims over which it has original jurisdiction"); see also, Acri v.
8  Varian Associates, Inc., 114 F.3d 999, 1000-1001 (9th Cir. 1997) (" 'in the usual case in which
9  all federal-law claims are eliminated before trial, the balance of factors . . . will point toward
10  declining to exercise jurisdiction over the remaining state-law claims' ") (quoting
11  Carnegie-Mellon University. v. Cohill, 484 U.S. 343, 350, n. 7, 108 S. Ct. 614, 619, n. 7 (1988)).
12  III.  Temporary Restraining Order
13          As demonstrated by the previous discussion, there is no probability of success on
14  the merits; therefore preliminary injunctive relief should be denied.
15  CONCLUSION
16          Accordingly, IT IS RECOMMENDED that:
17          1.  The motions to dismiss, filed August 30, 2010 by T.D. Service Company, (dkt.
18  #4), and September 10, 2010 by Wells Fargo Bank, (dkt. #5), be granted;
19          2.  Plaintiff's ex parte application for temporary restraining order, filed November
20  24, 2010, (dkt. #13), be denied; and
21          3.  This action be dismissed.
22          These findings and recommendations are submitted to the United States District
23  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
24  fourteen (14) days after being served with these findings and recommendations, any party may
25  file written objections with the court and serve a copy on all parties.  Such a document should be
26  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 12/09/2010

/s/ Gregory G. Hollows

U. S. MAGISTRATE JUDGE

GGH:076:Beliso2131.fr.wpd